# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,

v.

KENNETH WERNER, MICHAEL         CASE NO. 07-15138
KRAJNIK, DURFEE, D. RICUMSTRICT,     HON. MARIANNE O. BATTANI
C. WALKER, THOMAS BIRKETT,
JAMES ARMSTRONG, and JOHN DOES 1-3,

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

Before the Court are Plaintiff's Objections to Magistrate Judge Charles E. Binder's Report and Recommendation (Doc. #29). The Magistrate Judge screened Plaintiff's complaint under 28 U.S.C. § 1915(e) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, to determine whether Plaintiff had properly stated a claim. The Magistrate Judge determined that Plaintiff's Eighth Amendment claim of deliberate indifference should fail because Plaintiff has not alleged conditions that meet the standard for a violation, and because Plaintiff seeks damages for emotional distress where Plaintiff has not sustained more than a de minimus physical injury. The Magistrate Judge further determined that Plaintiff's allegations do not meet the "atypical and significant hardship" necessary for Plaintiff to plead a Fourteenth Amendment violation, and that claim should be dismissed, too.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, but most of this

objection is given over to restating the facts alleged in Plaintiff's complaint and then concluding, without further argument, that they qualify as deliberate indifference under Farmer v. Brennan, 511 U.S. 825, 828 (1994) (finding that prison officials have a duty to keep inmates safe). Plaintiff does not contest that he has not plead a physical injury allowing him to recover damages for a related emotional injury, but instead argues that he can recover punitive damages instead of compensatory damages.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The case at hand arises out of Plaintiff's incarceration at the Standish Maximum Correctional Facility in Standish, Michigan. He alleges deliberate indifference by prison employees in failing to prevent another inmate from throwing human waste on him in the shower area, and failing to remedy the attack.

The Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim under either the Eighth or Fourteenth Amendments. The key language of the Eighth Amendment standard articulated in Brennan is that prison officials must "take *reasonable measures* to guarantee the safety of inmates in their custody." 511 U.S. at 832-33 (emphasis added). Not

every single attack, no matter how repugnant, gives rise to a constitutional claim for deliberate indifference. The Magistrate Judge cites to several cases where a human waste attack, without an allegation of approval by prison officials or a failure to clean, was insufficient to create an Eighth Amendment violation. See, e.g., Sterling v. Smith, 2007 WL 781274, *4 (S.D. Ga. 2007). There is no allegation that Defendants condone, either informally or through a policy, the attacks, and there is no allegation that the area was not cleaned afterwards (indeed, several of the Defendants also had human waste thrown on them). Therefore, the Magistrate Judge is correct in finding that Plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment.

Similarly, the Magistrate Judge was correct to recommend dismissal of Plaintiff's Fourteenth Amendment claim, as Defendant's did not plead a denial of due process, and Plaintiff cannot state a liberty or property interest as he does not allege that the attacks were related to some disciplinary action by prison officials. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 18, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

<u>s/Bernadette M. Thebolt</u>

DEPUTY CLERK